**IT IS ORDERED as set forth below:**



**Date: June 14, 2022**

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| VICKII ELAINE MILLS, | CASE NO. 21-56111-PWB |
| Debtor. | CHAPTER 7 |
| PURE LIFE RENAL OF PERIMETER, LLC,     Plaintiff, | |
| v. | ADVERSARY PROCEEDING NO. 22-5014-PWB |
| VICKII ELAINE MILLS and/or JOHN DOE, AS THE EXECUTOR OF THE ESTATE OF VICKII ELAINE MILLS, deceased, | |

Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND REQUIRING TIMELY FILING AND SERVICE OF AMENDED COMPLAINT

Pure Life Renal of Perimeter, LLC, the Plaintiff, seeks entry of default judgment on its complaint objecting to the dischargeability of its debt and objecting to the Debtor's discharge based upon the Debtor's failure to answer. For the reasons set forth herein, the Plaintiff's motion for default judgment is denied and the entry of default is vacated.

The Debtor filed a chapter 7 bankruptcy petition on August 16, 2021. The Debtor's attorney filed a Suggestion of Death that states the Debtor passed away on January 17, 2022 and that the Debtor's son has produced a death certificate dated March 24, 2022. [Case 21-56111-pwb, Doc. 44].

In this adversary proceeding commenced on January 24, 2022, the Plaintiff named two Defendants, the Debtor "and/or John Doe, as the Executor of the Estate of Vickii Elaine Mills, deceased." The Plaintiff's certificate of service of the summons and complaint certifies service of the documents "upon counsel of record, per agreement." [Doc. 4]. Neither the Debtor nor the executor of her estate, whoever that may be, was served with the complaint and summons.

The Court concludes that it is unable to enter judgment against the Debtor or the executor of her estate.

2

Capacity to sue or be sued is determined, in the case of an individual, by the law of the individual's domicile. FED. R. CIV. P. 17(b)(1), *made applicable by* FED. R. BANKR. P. 7017. Georgia courts have recognized that "[a] deceased person cannot be a party to legal proceedings" and that "[w]hile the death of a party does not abate a pending action where the cause of action survives[], nevertheless the effect of the death is to suspend the action as to the decedent until someone is substituted for the decedent as a party to the proceedings." *Allen v. Cloudburst Mfg. Co.*, 162 Ga.App. 188-189, 290 S.E.2d 529, 530 (1982) (citations omitted). Under Georgia law, proceedings held after the death of an individual are void. *Ashburn Bank v. Gorday*, 189 Ga.App. 565, 377 S.E.2d 30 (1988) (order denying cross-summary judgment motions after death of one party without substitution of proper party was void).

In order to prosecute its claims in this proceeding, the Plaintiff must identify, by name, the executor or personal representative of the Debtor's estate and serve the summons and complaint on that person in accordance with FED. R. BANKR. P. 7004.

Although the certificate of service states that the summons and complaint were served upon "counsel of record, per agreement," nothing in the record demonstrates that Debtor's counsel has the authority to accept service of process for the Debtor's executor or personal representative. Indeed, if the executor or personal representative is unknown, it is impossible for consent to exist.

Based on the foregoing, it is

ORDERED that the Plaintiff's motion for default judgment is denied and the entry of default is vacated; it is further

3

ORDERED that the Plaintiff shall, within 60 days from the date of entry of this Order, either: (1) file an amendment to the complaint naming the Debtor's executor or personal representative as a party and effect service of process on such person; or (2) file a motion requesting an extension of such time that states the reasons that the Plaintiff requires additional time to do so. If neither occurs, the Court may, without further notice and without a hearing, dismiss the complaint for want of prosecution.

**END OF ORDER**

**Distribution List**

Vickii Elaine Mills
26012 Gardener Drive
Alpharetta, GA 30009

Lorena Lee Saedi
Saedi Law Group, LLC
Suite 103
3006 Clairmont Road
Atlanta, GA 30329

Layne M. Kamsler
Hipes & Belle Isle, LLC
Suite 250
178 S. Main Street
Alpharetta, GA 30009